UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN, | No. 2:23-cv-1596 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CLINTON ADMINISTRATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Leave to Proceed In Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 93 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

As defendants, plaintiff names the Clinton Administration, William Clinton, Volkswagen, Inc. and Ed Corneilius, a Santa Clara Volkswagen Dealership owner. Plaintiff's allegations are largely indecipherable and appear to combine conclusory terms and unrelated phrases and concepts. For example, his first claim, which is representative of his other two claims, reads as follows:

> This civil complaint to be considered a Brandeis belief. Exhibit 1 to be considered in this [decision] in conjunction with antiterrorism act forming a nexus. Noted Brandeis belief and breach of the peace to be considered as broad construction in civil complaint. Cause of action for decision of the Supreme Court was to reverse civil rights victories. See Exhibit 1. The outcome was no [illegible] freedom and eventually a bio wave of segregation. Exhibit 1. Exchanging for the evil dictatorship through sacrifice, Sic. Ultimately ending in chaos, carelessness or no legitimate penological goal or interest in nine. See Exodus 23:8 and ye shall take no bribe for a bribe blinds the discerning and perverts the words of the righteous; consider also Erie Doctrine and color of state law. Clarification of the above citation can be found in Exhibit 1. The common enemy clouts judgment, before it silences. The victory lies in the state of revelation. Wisdom supersedes folly.

(ECF No. 1 at 3.) He initially describes his first claim as violating the Anti Terrorism Act, election contest, and breach of the peace and prosperity.. . . (Id.) Plaintiff's handwritten Exhibit 1 cites the Department of Commerce v. United States House of Representatives, 525 U.S. 316 (1999), and defines and provides a brief history of the "Decennial Census." (ECF No. 1 at 7.)

Plaintiff's complaint is incomprehensible, lacks substance, contains no specific charging allegations as to each defendant, and fails to identify how any named defendant violated

3

1  plaintiff's federal statutory or constitutional rights. As written, the complaint fails to state a
2  cognizable federal claim.
3       As discussed above, complaints that are frivolous, malicious, or fail to state a claim must
4  be dismissed. 28 U.S.C. § 1915A(b). A claim is frivolous "when the facts alleged arise to the
5  level of the irrational or the wholly incredible, whether or not there are judicially noticeable
6  facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also
7  Neitzke, 490 U.S. at 325 (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint,
8  embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.")
9  Because plaintiff's allegations are incomprehensible, the undersigned finds the complaint legally
10 frivolous and must be dismissed. However, in an abundance of caution, the court grants leave to
11 file an amended complaint.
12 Leave to Amend
13      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
14 about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g.,
15 West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how
16 each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no
17 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
18 defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633
19 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official
20 participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266,
21 268 (9th Cir. 1982).
22      Plaintiff's complaint must include charging allegations as to each individual named as a
23 defendant.
24      Plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P.
25 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is
26 asserted against them jointly, severally, or in the alternative with respect to or arising out of the
27 same transaction, occurrence, or series of transactions and occurrences" and "any question of law
28 or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However,

unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motions for Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motions are denied.

////

<u>Attached Exhibit</u>

Plaintiff provided exhibits to his August 10, 2023 motion for appointment of counsel. (ECF No. 5.) One of the exhibits is plaintiff's first amended complaint captioned <u>Van Huisen v. DEA</u>, No. 2:23-cv-1116 KJM KJN P (E.D. Cal.). (ECF No. 5-1 at 3-15.) Review of court records reflects that this amended complaint was not filed in case No. 2:23-cv-1116 KJM KJN P.[1] Therefore, the Clerk of the Court is directed to file such first amended complaint therein.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2 & 10) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motions for appointment of counsel (ECF Nos. 5 & 9) are denied.

---

[1] A court may take judicial notice of court records. <u>See, e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

6. The Clerk of the Court is directed to file and docket plaintiff's first amended complaint (ECF No. 5-1 at 3-15) in Van Huisen v. DEA, Case No. 2:23-cv-1116 KJN P (E.D. Cal.) as filed on August 10, 2023.

Dated:  August 16, 2023

/vanh1596.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON ADMINISTRATION, et al.,<br><br>Defendants. | No. 2:23-cv-1596 DJC KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____          Amended Complaint

                              _____
                              Plaintiff

1