1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   GREGORY SCOTT VAN HUISEN,              No.  2:23-cv-1596 DJC KJN P
12              Plaintiff,
13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   CLINTON ADMINISTRATION, et al.,
15              Defendants.
16
17        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  On September 25,

18   2023, plaintiff filed an amended complaint.  On November 15, 2023, the undersigned granted

19   plaintiff thirty days to file a second amended complaint or inform the court whether he intends to

20   stand on his first amended complaint.  (ECF No. 31.)  On November 27, 2023, plaintiff filed a

21   request for extension of time to amend (ECF No. 32); however, this request was directed to the

22   September 22, 2023 order, and by then, plaintiff had already filed an amended complaint.  On

23   November 30, 2023, plaintiff filed a response to the November 15, 2023 order, indicating he

24   intended to stand on his amended complaint.  Thus, the motion for extension of time is denied as

25   moot, and the court now screens plaintiff's amended complaint.

26        As discussed below, it is recommended that plaintiff's amended complaint be dismissed as

27   legally frivolous and without leave to amend.

28   ////

                                   1

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Discussion

As set forth above, a complaint is legally frivolous within the meaning of 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. "The court may . . . dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." Howell v. Johnson, 2021 WL 3602139, at *1

2

1   (E.D. Cal. 2021) (citing Neitzke, 490 U.S. at 327).  "The critical inquiry is whether a . . . claim,

2   however inartfully pleaded, has an arguable legal and factual basis."  Id. (citations omitted).

3       Here, plaintiff's amended complaint is based on indisputably meritless legal theories.

4   Examples of claims based on an indisputably meritless legal theory include claims of

5   infringement of a legal interest which clearly does not exist.  Neitzke, 490 U.S. at 327.  Plaintiff

6   purports to bring this suit against Bill Clinton and the Clinton Administration, but there is no

7   connection between plaintiff and such defendants.

8       Plaintiff's factual allegations also are incomprehensible and appear to be baseless.  Clearly

9   baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'"

10  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 325, 327, 328).

11  Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of

12  the irrational or the wholly incredible, whether or not there are judicially noticeable facts

13  available to contradict them."  Denton, 304 U.S. at 33.  Plaintiff refers to defamation, an illicit

14  contract, an intentional tort, crimes against humanity, treachery, treason, infamy, gerrymandering,

15  breach of the peace, and "malapportioned - equity, an egg hatched by cruelty!"  (ECF No. 27 at

16  7.)  In addition to his conclusory recitation of various unrelated legal terms and concepts, plaintiff

17  includes various quotes from the Bible, a quote from John F. Kennedy, and recounts the Pledge of

18  Allegiance.  (ECF No. 27 at 5-7.)  Plaintiff's factual allegations are incomprehensible.

19      Therefore, the undersigned concludes that plaintiff's amended complaint is legally

20  frivolous, fails to state any claims that are plausible, and the undersigned recommends that this

21  action be dismissed.

22      Because the amended complaint is incomprehensible with no basis in fact or law, it is

23  recommended that plaintiff should not be granted leave to amend; leave to amend would be futile.

24  See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as

25  frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason

26  to grant leave to amend."); accord Badfoot v. Estelle, 874 F.2d 815 and n.1, 4 (9th Cir. 1989)

27  (Unreported, Table) (affirming dismissal of prisoner's complaint without leave to amend based on

28  finding it incomprehensible).

1         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 32) is denied

2    as moot.

3         Further, IT IS RECOMMENDED that plaintiff's amended complaint be dismissed

4    without leave to amend, and this action be terminated.

5         These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, plaintiff may file written objections

8    with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

10   failure to file objections within the specified time may waive the right to appeal the District

11   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   Dated:  December 8, 2023

13

14                                                          KENDALL J. NEWMAN
                                                            UNITED STATES MAGISTRATE JUDGE
15   /vanh1596.56

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4